DONALD COMO and STELLA COMO, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Como v. Commissioner
Docket No. 24601-81.
United States Tax Court
T.C. Memo 1983-153; 1983 Tax Ct. Memo LEXIS 634; 45 T.C.M. (CCH) 1052; T.C.M. (RIA) 83153; March 22, 1983. Arthur S. Kahn and Stanley H. Getz, for the petitioners. Marshall W. Taylor, for the respondent. NIMS
MEMORANDUM OPINION NIMS, Judge: This case is before us on respondent's motion to dismiss for lack of jurisdiction on the ground that the petition was not timely filed within the period prescribed in sections 6213(a) [1] and 7502. A consolidated hearing on this motion and parallel motions in Richard W. Haupt and Margie I. Haupt v. Commissioner, docket No. 24599-81, and International Television Film Production, Inc. v. Commissioner, docket No. 24600-81, was *635 held in Los Angeles, California, on July 29, 1982. [2]
On June 15, 1981, respondent mailed a notice of deficiency to petitioners at their last known address: 23031 Calvert Street, Woodland Hills, California 91302. Petitioners resided within the Los Angeles District of the Internal Revenue Service at the time they filed their petition. The 90th day after the mailing of the statutory notice of deficiency was Sunday, September 13, 1981. Monday, September 14, 1981, was not a legal *636 holiday in the District of Columbia. On September 25, 1981, an envelope was received at the Tax Court containing both the petition in this case and the petitions in docket Nos. 24599-81 and 24600-81. The Court processed the petitions and filed them. Arthur S. Kahn prepared and typed the three petitions and the envelope containing them. He sent the envelope by first class mail and affixed to it a private postage meter stamp dated September 14, 1981. He addressed the envelope to: UNITED STATES TAX COURT P.O. BOX 70, WASHINGTON, D.C. 20044 When it arrived at the Tax Court, the Post Office box number and ZIP Code had been crossed out on the envelope's address label and the ZIP Code "20217" had been written in on the address label in ink. Neither Kahn nor any of the petitioners had made these alterations in the original address. According to a United States Postal Service sampling of 1,209 pieces of mail sent from the Los Angeles area to the Washington, D.C., area from September 5, 1981, to October 2, 1981, first class mail bearing readable United States postmarks was delivered 43 percent of the time in two days, 91 percent of the time in three days and 100 percent of the *637 time in four days. This case presents the identical fact pattern as , decided this day. In addition, the parties present the identical legal arguments herein as were presented in International Television Film Production, Inc. In International Television Film Production, Inc., we held that the envelope containing the petition was not "properly addressed" within the meaning of section 7502 and consequently the taxpayer could not receive the benefits of the timely mailing as timely filing rules of section 7502. Since the petition was received at the Tax Court beyond the period allowed in section 6213(a), we held that we lacked jurisdiction. For the reasons appearing in , we hold that we lack jurisdiction in the instant case. An appropriate order will be entered.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as in effect during the year in issue. ↩
2. Respondent's motion to dismiss in docket No. 24599-81 was denied at the time of the hearing on the ground that the petitioners in that docket were outside of the United States at the time the deficiency notice was mailed and therefore had 150 days in which to file a petition under section 6213(a). See ; . The Tax Court received the petition in docket No. 24599-81 after the 90-day period had expired, but within the 150-day period.↩